
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**MATTHEW SCHWARZ, et al.,**

   **Plaintiffs,**

v.                                              Case No. 8:05-cv-1696-T-30MSS

**CITY OF TREASURE ISLAND, et al.,**

   **Defendants.**
_____/

## ORDER

This matter comes before the Court for consideration of Defendants' Motion to Compel the Disclosure of Information (Dkt. 78) (the "Motion") and Plaintiffs' response in opposition thereto (Dkt. 84).

On March 1, 2006, Defendants propounded to each of Plaintiffs (Matthew Schwarz ("Mr. Schwarz"), Gulf Coast Recovery, Inc. ("Gulf Coast"), and the John and Jane Does), a request for production of documents. Defendants claim that Plaintiffs failed to respond or object to Defendants request within the thirty days allowed under Federal Rule of Civil Procedure 37(a)(2)(B).[1] Defendants further claim that the authorities cited by Plaintiffs in support of their claim that the information sought is confidential are not absolute. Rather, Defendants contend that "all applicable statutes and rules allow disclosure of information regarding recovering substance abusers upon a showing of good cause" (Dkt. 78 at p. 6, ¶ 10).

Plaintiffs claim that Mr. Schwarz agreed to provide information responsive to Defendants'

---

[1] Review of the docket in the case reveals that Plaintiffs neither provided the Court with notice of its compliance with Defendants' request to produce nor requested an extension of time to provide Defendants with the information sought.

requests provided that the information furnished did not reveal the identities of any of the John and Jane Does or Gulf Coast's tenants or clients. In the response, Mr. Schwarz's counsel informs the Court that the responsive information "will be" sent to Defendants on July 18, 2006. As this date has passed, the Court assumes that the information was provided as promised. Plaintiffs further claim that they have provided Defendants with information responsive to all of Defendants' requests as to Gulf Coast and the John and Jane Does that were not the subject of an objection. Plaintiffs further claim that the majority of the objections they raised were mandatory under both Florida and Federal statutes concerning the confidentiality of substance abusers. Finally, Plaintiffs claim that they have discussed providing Defendants with the "confidential" information they seek through various proposals that would allow Defendants to have the information while still ensuring the confidentiality of Plaintiffs' clients. Plaintiffs claim that Defendants rejected these proposals.

Upon review, the Court finds that Defendants' Motion (Dkt. 78) should be **DENIED without PREJUDICE**. Plaintiffs claim that they have provided Defendants with the information responsive to the requests for production served on each of the Plaintiffs. Because Defendants claimed not to have this information at the time they filed the Motion, it is difficult for the Court to assess what information Defendants still need and if the Court should compel the production of that information.

If Defendants refile the Motion, they shall include a detailed "good cause" argument tailored to each request for production. The simple blanket argument that Defendants need the information requested in order to "conduct discovery and defend against Plaintiffs' claims" will not be sufficient "good cause" to override Plaintiffs' confidentiality objections. (Dkt. 78 at p. 5, ¶ 8).

The parties are encouraged to reach an agreement on the issues raised in the Motion. Specifically, the parties are encouraged to fashion an agreement that will allow Defendants to secure

the discovery information that they require while still allowing Plaintiffs to protect the actual identities of their clients.

**DONE and ORDERED** in Tampa, Florida on this 31st day of July 2006.

_____
MARY S. SCRIVEN
United States Magistrate Judge

Copies to:

Counsel of Record