**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**MATTHEW SCHWARZ, et al.,**

    **Plaintiffs,**

**v.**                                           **Case No.  8:05-cv-1696-T-30MSS**

**CITY OF TREASURE ISLAND, et al.,**

    **Defendants.**
_____/

## **ORDER**

THIS CAUSE comes before the Court upon Defendants' Motion to Dismiss the Claims of the Anonymous Plaintiffs for Lack of Subject Matter Jurisdiction (Dkt. #99), Plaintiffs' Memorandum in Opposition to the City of Treasure Island's and City of Treasure Island Code Enforcement Board's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Dkt. #106), Defendants' Renewed Motion to Compel the Disclosure of Information Concerning Anonymous Plaintiffs, Tenants of Matthew Schwarz and Clients of Gulf Coast Recovery. Inc. and Incorporated Memorandum of Law (Dkt. #100), and Plaintiffs' Memorandum in Opposition to Defendants' Motion to Compel the Disclosure of Information Concerning Anonymous Plaintiffs, Tenants of Matthew Schwarz and Clients of Gulf Coast Recovery. Inc. (Dkt. #107).  The Court, having considered the motions, responses, arguments of counsel for the parties, memoranda, and being otherwise advised in the premises, the Court finds that Defendants' motions should be granted in part and denied in part as stated herein.

The Court concludes that the claims of Plaintiffs, John Doe I, John Doe II, and Jane Doe V should not be dismissed. Nevertheless, Plaintiffs John Doe I, John Doe II, and Jane Doe V should not be permitted to proceed anonymously.

It is therefore ORDERED AND ADJUDGED that:

1. Defendants' Motion to Dismiss the Claims of the Anonymous Plaintiffs for Lack of Subject Matter Jurisdiction (Dkt. #99) is GRANTED IN PART AND DENIED IN PART as stated herein.

2. Defendants' Renewed Motion to Compel the Disclosure of Information Concerning Anonymous Plaintiffs, Tenants of Matthew Schwarz and Clients of Gulf Coast Recovery. Inc. and Incorporated Memorandum of Law (Dkt. #100) is GRANTED IN PART AND DENIED IN PART as stated herein.

3. Plaintiff shall file within twenty (20) days of the entry of this Order a Notice with the Court identifying the full legal names of Plaintiffs, John Doe I, John Doe II, and Jane Doe V.

4. Plaintiff Gulf Coast shall produce to Defendants within thirty (30) days of the entry of this Order: non-redacted copies of all leases between Gulf Coast and any Gulf Coast tenants of residences located in Pinellas County that are owned, leased, or managed by Gulf Coast from the date that Gulf Coast was incorporated to the present; non-redacted copies of all leases between Gulf Coast and tenants of the residences located in Pinellas County described in the complaint who are not clients of Gulf Coast from the date that Gulf Coast was

incorporated to the present; copies of documents showing the name and address of each of Gulf Coast's tenants from the date that Gulf Coast was incorporated to the present; copies of all documents demonstrating the length of time that each Gulf Coast tenant has resided at a residence located in Pinellas County as described in the complaint that is owned, leased or managed by Gulf Coast; copies of all documents demonstrating that Gulf Coast tenants residing at any residence located in Pinellas County that is owned, leased or managed by Gulf Coast are recovering from additions to alcohol and other controlled substances from the date that Gulf Coast first rented its residences to the present; all documents demonstrating that Gulf Coast tenants are clients of Gulf Coast from the date that Gulf Coast first rented its residences to present.

5. Plaintiff Matthew Schwarz shall produce to Defendants within thirty (30) days of the entry of this Order: non-redacted copies of all leases between Schwarz and any tenants of residences located in Pinellas County as described in the complaint that are owned, leased, or managed by Schwarz from the date that Gulf Coast was incorporated to the present; non-redacted copies of all leases between Schwarz and tenants of the residences located in Pinellas County as described in the complaint who are not clients of Gulf Coast from the date that Gulf Coast was incorporated to the present; copies of documents showing the name and address of each of Schwarz's tenants of the residences located in

    Pinellas County as described in the complaint that are also clients of Gulf Coast from the date that Gulf Coast was incorporated to the present; copies of all documents demonstrating the length of time that each Schwarz tenant has resided at a residence located in Pinellas County as described in the complaint that is owned, leased or managed by Schwarz; copies of all documents demonstrating that Schwarz tenants residing at any residence located in Pinellas County that is owned, leased or managed by Schwarz are recovering from additions to alcohol and other controlled substances from the date that Schwarz first rented its residences to the present; all documents demonstrating that Schwarz's tenants are clients of Gulf Coast from the date that Schwarz first rented its residences to present.

6.   Plaintiff John Doe I shall produce to Defendants within thirty (30) days of the entry of this Order: copies of all leases executed by him to reside in a residence owned, leased or managed by Gulf Coast and/or Matthew Schwarz; copies of all documents supporting, demonstrating or substantiating John Doe I's allegation that the residence owned, leased or managed by Gulf Coast and/or Matthew Schwarz served as the client's permanent home during the time he occupied it; copies of all documents supporting, demonstrating or substantiating John Doe I's allegation that many of Gulf Coast's clients are constructively or actually homeless but for the accommodations that Gulf Coast and/or Matthew Schwarz provides; copies of all documents supporting,

        demonstrating or substantiating John Doe I's claim that he suffered damages as a result of the actions of the City or the Board as described in the second amended complaint.

7. Plaintiff John Doe II shall produce to Defendants within thirty (30) days of the entry of this Order: copies of all leases executed by him to reside in a residence owned, leased or managed by Gulf Coast and/or Matthew Schwarz; copies of all documents supporting, demonstrating or substantiating John Doe II's allegation that the residence owned, leased or managed by Gulf Coast and/or Matthew Schwarz served as the client's permanent home during the time he occupied it; copies of all documents supporting, demonstrating or substantiating John Doe II's allegation that many of Gulf Coast's clients are constructively or actually homeless but for the accommodations that Gulf Coast and/or Matthew Schwarz provides; copies of all documents supporting, demonstrating or substantiating John Doe II's claim that he suffered damages as a result of the actions of the City or the Board as described in the second amended complaint.

8. Plaintiff Jane Doe I shall produce to Defendants within thirty (30) days of the entry of this Order: copies of all leases executed by her to reside in a residence owned, leased or managed by Gulf Coast and/or Matthew Schwarz; copies of all documents supporting, demonstrating or substantiating Jane Doe I's allegation that the residence owned, leased or managed by Gulf Coast and/or

    Matthew Schwarz served as the client's permanent home during the time she occupied it; copies of all documents supporting, demonstrating or substantiating Jane Doe I's allegation that many of Gulf Coast's clients are constructively or actually homeless but for the accommodations that Gulf Coast and/or Matthew Schwarz provides; copies of all documents supporting, demonstrating or substantiating Jane Doe I's claim that she suffered damages as a result of the actions of the City or the Board as described in the second amended complaint.

9. Defendants, City of Treasure Island and City of Treasure Island Code Enforcement Board, shall not disclose the social security numbers or medical records of John Doe I, John Doe II, Jane Doe V, or any other client of Gulf Coast, to any other person, government entity, corporate entity, or other party without the express permission of this Court. Failure to keep such personal information and medical records confidential shall result in sanctions to be determined by this Court.

  **DONE** and **ORDERED** in Tampa, Florida on November 30, 2006.

*[Signature]*
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2005\05-cv-1696.anonymous plaintiffs 99 and 100.wpd