UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MATTHEW SCHWARZ, et al.,

    Plaintiffs,

v.                                      Case No.  8:05-cv-1696-T-30MSS

CITY OF TREASURE ISLAND, et al.,

    Defendants.
_____/

## ORDER

THIS CAUSE comes before the Court upon Gulf Coast Recovery Incorporated's and Matthew Schwarz's (collectively, **"Gulf Coast"**) Motion for Remand, and the City of Treasure Island's (the **"City"**) response in opposition to the same.[1] The Court, having considered the motion, response, and memoranda, and being otherwise advised in the premises, determines that Defendants' Motion for Remand should be granted.

On September 9, 2005, Gulf Coast filed the instant action against the City and the City's Code Enforcement Board (**"CEB"**), alleging violations of the Fair Housing Act, the Americans with Disabilities Act, the Rehabilitation Act, and the equal protection and procedural due process provisions of the United States and Florida Constitutions. Gulf Coast owns or leases a number of single family homes or condominiums throughout the City,

---

[1] The Court notes that the Motion to Remand was erroneously filed in Case No. 8:05-cv-1855 JSM-TGW (Dkt. 21), which was consolidated with the instant action on February 2, 2006. Upon consolidation, the parties were ordered to file all future pleadings in the consolidation action.

which it in turn leases to clients enrolled in its drug and alcohol treatment program. The City objects to Gulf Coast's leasing activities, and has imposed fines on Gulf Coast for violating the City's restrictions on tenant turnover. Gulf Coast claims the City has discriminated against it and its clients based on the clients' status as recovering addicts.[2]

On September 26, 2005, the City filed a lawsuit in state court to enjoin Gulf Coast from "operating illegal tourist dwellings" and continuing "illegal rental activities" within the City. Gulf Coast removed the City's lawsuit to this Court on October 5, 2005, without objection from the City. Upon the request of all parties, the City's lawsuit was consolidated with the instant action on February 2, 2006 (Dkt. 66).

On September 25, 2007, Gulf Coast filed the instant motion to remand the City's action for injunctive relief. Gulf Coast claims that, while preparing for trial, it discovered that its initial removal of the City's action was improper. The stated basis for removal was 28 U.S.C. § 1443, which provides in pertinent part as follows:

> Any of the following civil actions or criminal prosecutions, commenced in a State court may be removed by the defendant to the district court of the United States for the district and division embracing the place wherein it is pending:
>
>> (1) Against any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States, or of all persons within the jurisdiction thereof;

---

[2] The instant action also includes "John and Jane Doe" plaintiffs. These plaintiffs are clients of Gulf Coast and are or were residents of the properties at issue.

> (2) For any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law.

As argued by Gulf Coast, and as acknowledged by the City, a party may only remove a civil case pursuant to § 1443 when racial equality is at issue. Georgia v. Rachel, 384 U.S. 780, 783 (1966); Alabama v. Conley, 243 F.3d 1292, 1295-1296 (11th Cir. 2001). Thus, the removal of the City's action for injunctive relief was improper.

The Supreme Court has acknowledged that "[l]ongstanding decisions of this Court make clear . . . that where after removal a case is tried on the merits without objection and the federal court enters judgment, the issue in subsequent proceedings on appeal is not whether the case was properly removed, but whether the federal district court would have had original jurisdiction of the case had it been filed in that court." Grubbs v. General Electric Credit Corp., 405 U.S. 699, 702 (1972). While judgment has not been entered in the instant case, the motion for remand was filed on the eve of trial. The City argues that, despite the improper removal, this Court possesses supplemental jurisdiction over its action for injunctive relief pursuant to the supplemental jurisdiction statute, 28 U.S.C. § 1367, and the removal statute, 28 U.S.C. § 1441(a). However, supplemental jurisdiction cannot provide the original jurisdiction necessary to qualify for removal under § 1441. Sygenta Crop Protection, Inc. v. Henson, 537 U.S. 28, 34 (2002); see also Port Authority of New York and New Jersey v. Allianz Ins. Co., 443 F. Supp. 2d 548, 555 (S.D.N.Y. 2006) (holding "supplemental jurisdiction cannot supply the original jurisdiction needed to remove a state court complaint under 28 U.S.C. § 1441(a) - even if the action which a defendant seeks to

remove is related to another action over which the federal district court already has subject-matter jurisdiction, and even if removal would be efficient.") (citations omitted).

Furthermore, consolidation of the City's action with the instant case did not cure any jurisdictional defects. See McKenzie v. United States, 678 F.2d 571, 574 (5th Cir. 1982). Consolidation does not "cause one civil action to emerge from two; the actions do not lose their separate identity; the parties to one action do not become parties to another." Id. Moreover, "[n]either consolidation with a jurisdictionally proper case nor an agreement by the parties can cure a case's jurisdictional infirmities." Brown v. Francis, 75 F.3d 860, 866 (3d Cir. 1996). Accordingly, no basis exists (or existed at the time of removal) to support the Court's exercise of subject matter jurisdiction over the City's action for injunctive relief.

It is therefore ORDERED AND ADJUDGED that:

1. The Clerk is directed to terminate the Motion for Remand (Dkt. 21) and Response in opposition thereto (Dkt. 22) filed in Case No. 8:05-cv-1855-T-30TGW. The Clerk is directed to re-file those documents in Case No. 8:05-cv-1696-T-30MSS.

2. Gulf Coast's Motion for Remand (Dkt. 236) is **GRANTED**.

3. The Clerk is directed to **remand** the City's action for injunctive relief to the Circuit Court of the Sixth Judicial Circuit, in and for Pinellas County, Florida. The Clerk shall remand only the action for injunctive relief originally filed in City of Treasure Island v. Gulf Coast Recovery, Incorporated and Matthew Schwarz, Case Number 8:05-cv-1855-JSM-TGW, which was consolidated

with the instant action on February 2, 2006 (Dkt. 66).  The Clerk is also directed to forward a certified copy of this Order to that Court.

**DONE** and **ORDERED** in Tampa, Florida on October 2, 2007.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2005\05-cv-1696.mt remand.wpd