# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

**MATTHEW SCHWARZ, et al.,**

   **Plaintiffs,**

**v.**                                                          Case No. 8:05-cv-1696-T-30MAP

**CITY OF TREASURE ISLAND, et al.,**

   **Defendants.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendants' Motion to Request Issuance of a Scheduling Order (Dkt. 407) and Plaintiffs' Response in Opposition to same (Dkt. 416). The Court, having reviewed the motion, response, and being otherwise advised in the premises, concludes that it should be granted to the extent set forth herein.

On February 18, 2010, a jury returned a verdict finding Defendants liable under the Fair Housing Act for failing to provide a reasonable accommodation to Plaintiffs. The issue of liability was the only matter resolved by the jury. The parties agreed to bifurcate the trial between liability and damages. The damages trial was originally scheduled for the Court's April 2010 docket, and has since been continued numerous times. It is now set on the Court's November 2010 trial docket.

At this late stage, Defendants now seek the Court to enter a detailed scheduling order, setting forth deadlines for dispositive motions, *Daubert* motions, and motions in limine. Defendants also seek an extension of the fact discovery deadline from September 1, 2010

until October 1, 2010, but only for the purpose of allowing expert discovery. Lastly, Defendants seek guidance as to the deadline for the filing of expert reports.

Plaintiffs argue that a scheduling order is unnecessary and that they would be prejudiced if Defendants were permitted to file time-consuming dispositive motions, which would only interfere with trial preparation. Plaintiffs also argue that Rule 26 governs the timing of the filing of expert reports and that Defendants are overdue in the filing of any rebuttal reports.

On the issue of expert deadlines, Plaintiffs filed a motion to compel Defendants' expert reports (Dkt. 410), arguing that Defendants never filed a rebuttal report within thirty (30) days from the date of receipt of Plaintiffs' expert disclosures, as set forth in Rule 26(a)(2)(C)(ii), which requires disclosure of experts who are retained to provide opinions to rebut or contradict within 30 days after the other party's disclosure. Plaintiffs filed their expert disclosures on or about May 7, 2010 and May 21, 2010, during the time when this case was set on the Court's September 2010 trial docket.

In light of the fact that this case has been continued to the November 2010 trial docket, the following deadlines are imposed:

> **Initial Expert Reports due by August 2, 2010**
>
> **Rebuttal Expert Reports due by August 23, 2010**
>
> **Discovery Cutoff - September 15, 2010**
>
> **Dispositive and *Daubert* Motions - September 22, 2010, with responses to same due on October 6, 2010**

**Motions in Limine due no later than Friday, September 24, 2010**

**Responses to Motions in Limine due no later than Friday, October 1, 2010**

**\*\*\* Pretrial Conference is rescheduled to TUESDAY, October 19, 2010, at 8:45 AM. \*\*\***

(The parties shall be prepared to argue any <u>pending</u> motions at the pretrial conference.)

It is therefore ORDERED AND ADJUDGED that:

1. For the reasons set forth herein, Defendants' Motion to Request Issuance of a Scheduling Order (Dkt. 407) is hereby GRANTED and the parties shall govern themselves according to the deadlines set forth in this Order.

2. Plaintiffs' Motion to Compel (Dkt. 410) is hereby DENIED as moot.

**DONE** and **ORDERED** in Tampa, Florida on July 21, 2010.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2005\05-cv-1696.mtschedulingorder.wpd