UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**MATTHEW SCHWARZ, et al.,**

    **Plaintiffs,**

v.                                                       Case No.  8:05-cv-1696-T-30MAP

**CITY OF TREASURE ISLAND, et al.,**

    **Defendants.**
_____/

## ORDER

    THIS CAUSE comes before the Court upon Defendant City of Treasure Island Code Enforcement Board's Dispositive Motion for Summary Judgment and Memo of Law (Dkt. 420) and Plaintiffs' Memorandum of Law in Opposition to Defendant's Motion for Summary Judgment (Dkt. 439).  The Court, having reviewed the motion, response, and being otherwise advised in the premises, concludes that the motion should be denied because Defendant is precluded from making any argument as to its liability at this stage of the case.

    This case's long history does not bear repeating.  The Court directs the parties to the decision from the Eleventh Circuit for the relevant background.  *See Schwarz v. City of Treasure Island*, 544 F.3d 1201 (11th Cir. 2008).  In a last-minute attempt to argue against its liability, Defendant City of Treasure Island Code Enforcement Board ("CEB") moves the Court, in a four-page motion, to rule, as a matter of law, that it cannot be held liable for damages.  CEB references Florida Statute §166.041 and argues that this statute and Florida Statutes §162 prevent CEB from "even entertaining, much less granting, a request for a

reasonable accommodation," because section 166.041 grants authority only to the "governing body" to amend ordinances (Dkt. 420). Although CEB's argument is unclear and cites to no case law, it appears that it is arguing that it cannot be liable to Plaintiffs, because it has no authority to grant or deny reasonable accommodation requests to alter, vary, waive, or amend zoning ordinances under the City of Treasure Island's land development code (the "LDC").

Plaintiffs vehemently oppose CEB's motion and point out that Plaintiffs' reasonable accommodation claims, which were already adjudicated in Plaintiffs' favor by a jury in the first phase of the bifurcated trial, go well beyond simply asking for alterations to the LDC. More importantly, however, Plaintiffs argue that CEB is precluded from even moving for summary judgment on this issue, because the jury already concluded that a fair housing action violation occurred.

The Court agrees with Plaintiffs. CEB is trying to escape liability after the jury already entered a verdict finding that it and Defendant City of Treasure Island violated the Fair Housing Act. Notably, the doctrine of issue preclusion applies. Under the doctrine of issue and claim preclusion, a litigant is precluded, as a matter of law, from raising issues or defenses that have been previously decided, especially in bifurcated proceedings. *See Parks v. Poindexter*, 723 F.2d 840, 844 (11th Cir. 1984).

Remarkably, CEB's claim for summary judgment on liability was never raised in a motion to dismiss, in an answer, during the injunction proceedings, in a motion for judgment on the pleadings, in any of the previous motions for summary judgment, during the appeals to the Eleventh Circuit, in any of the joint pre-trial statements, at the pre-trial hearings, or in

any motion for directed verdict or motion for judgment notwithstanding the verdict during the first phase of the bifurcated trial.  And as Plaintiffs point out, throughout this litigation, CEB has taken the position that it was the only entity with jurisdiction over the fines and lien at issue in this case.

It is therefore ORDERED AND ADJUDGED that Defendant City of Treasure Island Code Enforcement Board's Dispositive Motion for Summary Judgment and Memo of Law (Dkt. 420) is hereby DENIED.

**DONE** and **ORDERED** in Tampa, Florida on September 22, 2010.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2005\05-cv-1696.CEBmtFINAL.wpd