**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**MATTHEW SCHWARZ, et al.,**

    **Plaintiffs,**

v.                                          Case No.  8:05-cv-1696-T-30MAP

**CITY OF TREASURE ISLAND, et al.,**

    **Defendants.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendants' Dispositive Daubert Motion to Exclude the Opinions of Plaintiffs' Social Worker Expert Regan (Dkt. 469), Plaintiffs' Memorandum of Law in Opposition (Dkt. 507), Defendants' Motion in Limine to Exclude Testimony from Plaintiffs' Expert Riley Regan Based on the "Bablitz Memo" and Testimony from Matthew Schwarz Based on the "DiLorenzo Memo" (Dkt. 479), and Plaintiffs' Memorandum of Law in Opposition (Dkt. 498).  The Court, having reviewed the motions, responses, and being otherwise advised in the premises, concludes that Defendants' Daubert motion as to Riley Regan should be granted and Defendants' motion in limine should be denied as moot as to the "Bablitz Memo" and granted as to the "DiLorenzo Memo."

## DISCUSSION

Defendants move to strike Riley Regan ("Regan"), one of Plaintiffs' three damages experts, because Defendants argue that Regan is unqualified to opine on any causation

between the City's failure to grant a reasonable accommodation under the Fair Housing Act and Plaintiffs' damages. Defendants also move to strike Regan because his methodology is unscientific, unreliable, and will not assist the trier of fact. The Court agrees that Regan is unqualified to testify in the damages phase of this case. The Court also concludes that some of Regan's opinions relate to issues of fact for the jury and are duplicative of the opinions of Plaintiffs' economic and marketing expert.

Regan has a master's degree in community organization and public health and has studied and taught about alcoholism programs. Regan has a private practice of clinical social work specializing in persons with alcohol and drug issues. He also has extensive experience in either running or licensing programs similar to that of Gulf Coast. In sum, it is undisputed that Regan's qualifications reflect an extensive knowledge of and experience in the substance abuse service industry. Thus, to determine whether Regan is qualified to testify as an expert in the damages phase of this case, the Court must consider Regan's qualifications in light of the areas he intends to opine about at trial. It is axiomatic that Regan's qualifications must allow him to testify competently regarding the matters he intends to address.

The record reflects that Regan intends to opine on the following issues: (1) did the City act responsibly in trying to work with the treatment program; (2) has there been negative publicity, and if so, what was the impact of it; and (3) has there been irreparable harm to the program. According to Plaintiffs, it would be inappropriate to strike Regan as an expert because he is the "big picture guy" and can help the jury understand the industry of addiction

recovery, how it operates, and how Defendants' actions negatively impaired Gulf Coast's ability to operate normally.

The Court concludes that Regan's qualifications do not render him competent to testify as an expert as to the three issues identified above. Issues one and three relate to issues of fact, and are not issues appropriate for a damages expert. And as to issue two, Regan's credentials and background make it clear that he is not qualified to testify as to the impact of any negative publicity on Gulf Coast's operation. Regan does not have a background in the areas of marketing and economics. Moreover, any testimony about negative publicity would be duplicative of the opinion of Plaintiffs' economic expert, Walter Klages ("Klages"). Importantly, Klages is qualified to testify about economics and marketing and whether Defendants' conduct resulted in negative publicity. Thus, there is no need to have Regan opine on these issues as well.

Accordingly, Defendants' motion to exclude Regan should be granted. Given the Court's ruling striking Regan as an expert in this case, Defendants' motion in limine to exclude testimony from Regan about the "Bablitz Memo" is denied as moot. However, the Court grants Defendants' motion in limine as to the "DiLorenzo Memo" based on Plaintiffs' response that they do not intend to offer the "DiLorenzo Memo" at trial.

It is therefore ORDERED AND ADJUDGED that:

1. Defendants' Dispositive Daubert Motion to Exclude the Opinions of Plaintiffs' Social Worker Expert Regan (Dkt. 469) is hereby GRANTED.

2. Defendants' Motion in Limine to Exclude Testimony from Plaintiffs' Expert Riley Regan Based on the "Bablitz Memo" and Testimony from Matthew Schwarz Based on the "DiLorenzo Memo" (Dkt. 479) is hereby DENIED AS MOOT as to the "Bablitz Memo" and GRANTED as to the "DiLorenzo Memo."

**DONE** and **ORDERED** in Tampa, Florida on October 12, 2010.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2005\05-cv-1696.mtexcludeReganDkt.469.wpd