**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**MATTHEW SCHWARZ, et al.,**

    **Plaintiffs,**

v.                                             Case No.  8:05-cv-1696-T-30MAP

**CITY OF TREASURE ISLAND, et al.,**

    **Defendants.**
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendants' Alternative Motion for Partial Summary Judgment and Memorandum of Law (Dkt. 467) and Defendants' Motion in Limine Regarding Evidence of Adjudicated Claims and Events Occurring Prior to January 31, 2006 and Incorporated Memorandum of Law (Dkt. 480).  The Court, having reviewed the motions, Plaintiffs' responses, and being otherwise advised in the premises, concludes that the motions should be denied.

Defendants' motions rest on the inaccurate premise that this Court and the Eleventh Circuit previously decided that Plaintiffs made their first request for reasonable accommodation on December 7, 2005, which the City denied on January 31, 2006.  The Defendants then argue that, given this alleged prior ruling, Plaintiffs should be precluded from presenting any evidence at the damages trial of this matter regarding events that occurred prior to the City's January 31, 2006 denial.  Presumably, as Plaintiffs point out, this

is because Plaintiffs' experts and Defendants' experts based Plaintiffs' damages, in part, on events that occurred prior to January 31, 2006.

The Court has reviewed the record in this case, including its October 2007 Order on the parties' original motions for summary judgment (Dkt. 239) and the Eleventh Circuit's opinion (*see Schwarz v. City of Treasure Island*, 544 F.3d 1201 (11th Cir. 2008)), and the issue of <u>when</u> Plaintiffs <u>first</u> made an accommodation request was not at issue. Indeed, Defendants' original motion for summary judgment did not even raise the issue of whether Plaintiffs met the element of making a request for an accommodation that was refused and appeared to assume that Plaintiffs made prior accommodation requests (*see* Dkt. 177).[1] This is supported by the Eleventh Circuit's opinion, where it noted that the City "has not argued on appeal that Gulf Coast never made a reasonable accommodation request." *Schwarz*, 544 F.3d at 1219. Although the Eleventh Circuit did discuss when Plaintiffs made a "formal reasonable accommodation request," this issue was not briefed by the parties, relevant to the issues on appeal, and does not prevent Plaintiffs from presenting evidence at the damages trial of events that occurred prior to January 31, 2006.[2]

Importantly, and as Plaintiffs point out, federal law on this issue reflects that a party need not make a "formal" request or use any "magic words" when asking for an

---

[1] This appears to be the <u>first</u> time in this 2005 case that Defendants presented any argument on the issue of when, where, and how Plaintiffs made a reasonable accommodation request.

[2] Notably, one of Defendants' experts, Steven Oscher, opined that the triggering event in this dispute for the purposes of calculating damages is the summer of 2005.

accommodation. *See Taylor v. Phoenixville School Dist.*, 184 F.3d 296 (3d Cir. 1999); *U.S. v. District of Columbia*, 538 F. Supp. 2d 211 (D. DC. 2008). And there is evidence in the record that a juror could conclude that Plaintiffs made an accommodation request prior to December 2005. Notably, Plaintiffs' December 2005 letter even states that "[t]his request is in addition to the previous ones made by my clients." (Dkt. 504, Ex. I thereto). Accordingly, it would be inappropriate to restrict Plaintiffs from presenting evidence of events that occurred prior to January 31, 2006.

It is therefore ORDERED AND ADJUDGED that Defendants' Alternative Motion for Partial Summary Judgment and Memorandum of Law (Dkt. 467) and Defendants' Motion in Limine Regarding Evidence of Adjudicated Claims and Events Occurring Prior to January 31, 2006 and Incorporated Memorandum of Law (Dkt. 480) are hereby DENIED.

**DONE** and **ORDERED** in Tampa, Florida on October 14, 2010.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2005\05-cv-1696.altmsjDKT467.wpd